IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Helfrich, | : | |
| Plaintiff | : | Civil Action 2:08-cv-01201 |
| v. | : | Judge Holschuh |
| Thomas Marcelain , | : | Magistrate Judge Abel |
| Defendant | : | |

# Report & Recommendation

Plaintiff James Helfrich brings this against the Honorable Judge Thomas Marcelain of the Licking County Court of Common Pleas for intentional abuse of his judicial authority, violations of the Ohio Revised Code, and violations of rights guaranteed by the state and federal constitutions, including his rights to freedom of speech, to pursue legal actions *pro se*, and for due process. This matter is before the Magistrate Judge on defendant the Honorable Judge Thomas Marcelain's February 27, 2009 motion to dismiss (doc. 5).

### I. Allegations in the Complaint

Plaintiff and defendant have known each other for more than twenty years. During that time, defendant represented plaintiff in legal actions. Judge Marcelain also presided over actions brought by plaintiff *pro se* in municipal court and the court of

1

common pleas. Compl. ¶ 4. Defendant admitted to plaintiff that courts viewed *pro se* plaintiffs unfavorably and made derogatory remarks about the judicial system. *Id.*

In 2005, plaintiff commented publicly on Judge Marcelain's qualifications to serve as an appellate judge. *Id.* at ¶ 5. At the same time, Judge Marcelain expressed pleasure when plaintiff was sued. *Id.* at ¶ 6.

In a case before Judge Marcelain, a counterclaim was asserted against plaintiff asserting that he was a vexatious litigator under state law. *Id.* ¶ 7. Plaintiff filed a motion for Judge Marcelain to recuse himself from the action. *Id.* ¶ 8. On August 24, 2007, plaintiff filed an affidavit of disqualification with the Ohio Supreme Court. *Id.* ¶ 10. Helfrich's application of disqualification was denied based on statements in Judge Marcelain's affidavit. *Id.* ¶ 11. Plaintiff filed a renewed affidavit of disqualification and submitted evidence indicating that Judge Marcelain made misrepresentations in response to the original affidavit of disqualification. *Id.* ¶ 15. Plaintiff was required by the Ohio Supreme Court rules to provide Judge Marcelain with copies of his correspondence to the Ohio Supreme Court. *Id.* ¶ 17. As a result of this correspondence, Judge Marcelain retaliated against plaintiff by finding him to be a vexatious litigator. *Id.*

Although defendant had previously not found any problems with Helfrich's litigation practices, once plaintiff questioned defendant's conduct by sending letters to the newspaper, organizations, and other judges concerning Judge Marcelain's lack of

qualifications, unethical conduct, and biases, defendant retaliated against Helfrich and violated his constitutional rights. *Id.* ¶ 25.

## II. Arguments of the Parties

### A. Defendant

Defendant argues that this Court does not have subject matter jurisdiction over Helfrich's challenges to state court decisions. Defendant maintains, that in essence, Helfrich is asking this Court to review Judge Marcelain's underlying judicial practices and decisions to determine whether they were constitutionally proper. Defendant insists that this is an improper invocation of federal jurisdiction. Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from this Court, and subordinate federal courts do not have jurisdiction to review state court decisions. Defendant argues that Helfrich is asking this Court to review whether Judge Marcelain's state court decisions were improper, but a district court may not review constitutional claims if they are inextricably intertwined with the state court's proceedings, decisions, and judgments.

Defendant also argues that this Court does not have jurisdiction over Helfrich's allegations of bias because section 271.03 of the Ohio Revised Code sets forth the exclusive means by which a litigant may claim that a common please judge is biased and prejudiced.

Defendant argues that because he is a judge he is absolutely immune from all claims for monetary relief in connection to judicial acts unless there is a clear absence of

3

all jurisdiction. Defendant maintains that his acts were within the general power of the Licking County Court of Common Pleas and that his acts were judicial. Defendant further argues that by pleading claims against him in his individual capacity will not change the application of absolute immunity to all of plaintiff's claims.

Defendant further argues that Helfrich's complaint fails to state claim for which relief can be granted. Defendant maintains that Helfrich must have been actually deprived of a federally protected right, and a § 1983 action does not cover official conduct that violates only state law. According to defendant, an incorrect decision by an Ohio court does not constitute a deprivation of due process of law. Defendant further argues that he is not subject to 28 U.S.C. § 455 because he is a state court judge rather than a federal judge.

Defendant also contends that Helfrich's negligence claims fail as a matter of law because there was no relationship between the two of them giving rise to a duty.

### B. Plaintiff

Helfrich maintains that he is not asking this Court to review a state court decision, disqualify a common pleas judge, or void the judgment of the trial court. Helfrich argues that his sole remedy did not consist of filing an Affidavit of Disqualification, although he did so, because ethical considerations and violations of rights guaranteed by state and federal law are beyond the scope of an Affidavit of Disqualification.

Plaintiff asserts that without notice or jurisdiction, Judge Marcelain entered public letters into all of plaintiff's pending cases, including cases where he was not the presiding judge. These letters were then used by the party who brought a claim against Helfrich for vexatious litigation. By submitting these letters into all of Helfrich's cases, Judge Marcelain abused the legal process, according to plaintiff.

Helfrich also argues that Judge Marcelain is not entitled to judicial immunity because it was not a judicial act for him to tamper in cases in which he was not the presiding judge. Helfrich maintains that abuse or misuse of state laws is actionable under § 1983 if that misuse violates rights secured by the Constitution. Judicial immunity is lost, argues Helfrich, when a person violates clearly established statutory or constitutional rights.

Plaintiff contends that he is not attempting to challenge the finding that he was vexatious litigator; instead, he maintains that the finding was in retaliation for exercising his freedom of speech.

Once an person is found to be a "vexatious litigator," Ohio Revised Code § 2323.52 requires that the individual file an "application to proceed" with the proposed complaint for the judge to review. Plaintiff filed two applications to proceed with defendant. Judge Marcelain did not review them for three months. On December 23, 2008, plaintiff filed an application to proceed with this action in state court. Defendant denied the application. Plaintiff maintains that Judge Marcelain used his position to deny plaintiff his rights of remedy and due process. Plaintiff maintains that Judge

5

Marcelain violation the ethic rules by ruling on plaintiff's application when he was named as a defendant instead of recusing himself.

### III. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court

6

cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

**IV.     Discussion**

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court held that a federal district court may not review a state court decision for alleged federal law error. This decision was reaffirmed by the Supreme Court in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Feldman* court stated:

> "[L]ower federal courts possess no power whatever to sit in direct review of state court decisions." [*Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281 (1970).] If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

This Court is without jurisdiction to review the decisions of the state courts. Only the Supreme Court of the United States has jurisdiction to review a case litigated and decided in a state court. *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot seek to collaterally attack a state court judgment by simply casting his complaint in the form of a civil rights action. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

In *Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005), the Supreme Court clarified that application of the *Rooker-Feldman* doctrine. "If a federal

7

plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion. *Id.* at 293. Federal plaintiffs are not foreclosed by *Rooker-Feldman* unless they complain of an injury caused by a state judgment.

> [I]f the state-court loser seeks redress in federal district court for the injury caused by the state-court decision, his federal claim is, by definition, "inextricably intertwined" with the state-court decision, and is therefore outside of the jurisdiction of the federal district court.

*Davani v. Virgnia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). *See also McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)("The key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim.")

Helfrich argues that the *Rooker-Feldman* doctrine does not apply to this case because he is not asking the Court to review a decision of the state court. Helfrich's claims, however, challenge the propriety of decisions made by Judge Marcelain and other state court judges. Helfrich's claims require this Court to consider the propriety of Judge Marcelain's failure to recuse himself and other allegedly retaliatory decisions he made.

In *Fieger v. Ferry*, 471 F.3d 637 (6th Cir. 2006), the Sixth Circuit addressed whether the federal district court was the proper court to challenge the appropriateness of a judge presiding over an underlying case. In *Fieger,* the plaintiff was an attorney who

8

had sought the recusal of four Michigan Supreme Court Justices in a state court proceeding after those Justice had made public remarks about the plaintiff. Before the state court had ruled on the issues, the plaintiff filed an action in federal district court claiming that he was entitled to a fair hearing on the recusal motions before an impartial tribunal. He also sued the judges under § 1983 arguing that the justices had retaliated against him for exercising his First Amendment rights. The Sixth Circuit held that to the extent that Fieger sought a declaration regarding the past actions of the justices, including their refusal to recuse themselves, the federal court was barred from reviewing the past decisions on the basis of the *Rooker-Feldman* doctrine. *Id.* at 644.

The same reasoning applied in *Fieger* is applicable here. For this Court to determine whether Judge Marcelain improperly failed to recuse himself and retaliated against Helfrich would necessitate a review of the decisions themselves. Because the *Rooker-Feldman* doctrine prohibits this Court from reviewing the state court decisions, the Magistrate Judge RECOMMENDS that Helfrich's claims be DISMISSED.

In the alternative, defendant argues that Judge Marcelain is entitled to absolute immunity. In *Stern v. Mascio*, 262 F.3d 600 (6th Cir. 2002), the Sixth Circuit stated:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide

9

> powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

262 F.3d at 606 (footnotes omitted). Although plaintiff argues that defendant was acting outside of his official capacity, all the actions described by plaintiff involve actions Judge Marcelain took in his official capacity. Because Judge Marcelain was acting within the scope of his employment, he is absolutely immune from suit.

Helfrich also asserts a claim under 28 U.S.C. § 455. Because this statute governs the disqualification of federal justices, judges and magistrate judges, it is not applicable to Judge Marcelain, a state court judge.

## V. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that the Honorable Judge Thomas Marcelain's February 27, 2009 motion to dismiss (doc. 5) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel
United States Magistrate Judge
