IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Helfrich, | : | |
| Plaintiff | : | Civil Action 2:08-cv-01201 |
| v. | : | Judge Holschuh |
| Thomas Marcelain, | : | Magistrate Judge Abel |
| Defendant | : | |

# ORDER

Plaintiff James Helfrich brings this action against the Honorable Thomas Marcelain of the Licking County Court of Common Pleas for intentional abuse of his judicial authority, violations of the Ohio Revised Code, and violations of rights guaranteed by the state and federal constitutions. This matter is before the Court on plaintiff Helfrich's April 23, 2009 objections to Magistrate Judge Abel's April 14, 2009 Report and Recommendation that defendant Thomas Marcelain's February 27, 2009 motion to dismiss be granted. Upon de novo review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation and GRANTS defendant February 27, 2009 motion to dismiss.

Plaintiff argues that the Magistrate Judge failed to address his complaint in its entirety by failing to differentiate between the acts of Thomas Marcelain, as an individual, and Judge Marcelain. Plaintiff contends that Thomas Marcelain, acting

1

without judicial authority, is not entitled to immunity.  Plaintiff also argues that the Magistrate Judge failed to address his cause of action arising under 42 U.S.C. § 1983. Plaintiff maintains that the Magistrate Judge erred in applying the Rooker-Feldman doctrine because he was not attempting to challenge any state court decision. Plaintiff argues that a judge is not entitled to immunity when he has violated the constitutional rights of an individual. Plaintiff further argues that in the event the Court determines that dismissal of his complaint is proper, he asks that the Court do so without prejudice.

The Magistrate Judge correctly concluded that plaintiff's claims are barred by the Rooker-Feldman doctrine. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Supreme Court held that a federal district court may not review a state court decision for alleged federal law error. This decision was reaffirmed by the Supreme Court in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Feldman* court stated:

> "[L]ower federal courts possess no power whatever to sit in direct review of state court decisions." [*Atlantic Coast Line R. Co. v. Engineers*, 398 U.S. 281 (1970).] If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

*District of Columbia Court of Appeals v. Feldman*,  460 U.S. 462, 483 n. 16  (1983). Under the *Rooker-Feldman* doctrine, a litigant cannot seek to collaterally attack a state court judgment by simply casting his complaint in the form of a civil rights action.  *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).  *District of Columbia Court of Appeals v. Feldman*, 460

2

U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

In *Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005), the Supreme Court clarified that application of the *Rooker-Feldman* doctrine. "If a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion. *Id.* at 293. Federal plaintiffs are not foreclosed by *Rooker-Feldman* unless they complain of an injury caused by a state judgment.

> [I]f the state-court loser seeks redress in federal district court for the injury caused by the state-court decision, his federal claim is, by definition, "inextricably intertwined" with the state-court decision, and is therefore outside of the jurisdiction of the federal district court.

*Davani v. Virgnia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). *See also McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)("The key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim.")

Because Helfrich's claims challenge the propriety of decisions made by Judge Marcelain and other state court judges and require this Court to consider the propriety of Judge Marcelain's failure to recuse himself and other allegedly retaliatory decisions he made, his claims are barred by the Rooker-Feldman doctrine. *See Fieger v. Ferry*, 471 F.3d 637, 644 (6th Cir. 2006) (holding that to the extent that the plaintiff sought a declaration regarding the past actions of the state court justices, including their refusal

3

to recuse themselves, the federal court was barred from reviewing the past decisions on the basis of the *Rooker-Feldman* doctrine).

The Magistrate Judge also correctly found that Judge Marcelain is entitled to absolute immunity. In *Stern v. Mascio*, 262 F.3d 600 (6th Cir. 2002), the Sixth Circuit stated:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

262 F.3d at 606 (footnotes omitted). Although plaintiff argues that defendant was acting outside of his official capacity, all the actions described by plaintiff involve actions Judge Marcelain took in his official capacity. Because Judge Marcelain was acting within the scope of his employment, he is absolutely immune from suit.

The Clerk of Court is DIRECTED to enter JUDGMENT for defendant Thomas Marcelain. This action is hereby DISMISSED.

Date: July 23, 2009              /s/ John D. Holschuh
                                 John D. Holschuh
                                 United States District Judge